No. 97–1790. LAWSON ET AL. *v.* MURRAY ET UX. Super. Ct. N. J., App. Div. Certiorari denied.

JUSTICE SCALIA, concurring.

This case approves a degree of restriction upon free speech that is unparalleled in the opinions of this Court. Petitioners have been enjoined from carrying signs with generalized anti-abortion messages, and signs identifying respondent as an abortionist. The prohibition is absolute with respect to the public street along the 330-foot front property line of the 1.25 acre parcel occupied (with an 80-foot setback) by respondent's residence; but it also prevents sign carrying beyond that zone (and "around" the Murray home), except for picketing by no more than 15 persons, no more than one hour every two weeks, and only if the police department is given 24 hours' notice. This silencing of speech on the public sidewalks has not been imposed to remedy any violence, disruption of traffic, or other tortious or unlawful activity that petitioners have engaged in or threatened; no such activity has occurred.

This dispute is here for the third time. An injunction against similar picketing at respondents' former residence, affirmed by the New Jersey Supreme Court, was vacated and remanded for reconsideration in light of our decision in *Madsen* v. *Women's Health Center, Inc.*, 512 U. S. 753 (1994). See *Murray* v. *Lawson*, 136 N. J. 32, 642 A. 2d 338, vacated and remanded, 513 U. S. 802 (1994). On remand the New Jersey Supreme Court revised the injunction, making it similar to what the one here provides. *Murray* v. *Lawson*, 138 N. J. 206, 649 A. 2d 1253 (1994). We denied certiorari in that case. 515 U. S. 1110 (1995). Subsequent to that decision, the Murrays moved, and sought a new injunction preventing picketing around their new residence. An injunction issued and was approved by the Appellate Division of the Superior Court of New Jersey; the Supreme Court of New Jersey declined a petition for certification.

Although I believe that what New Jersey has approved here makes a mockery of First Amendment law, I concur in the denial of certiorari for the same reasons I concurred the last time this dispute was here. See *ibid.* First, the lower court's reliance on a so-called "captive audience" exception to the doctrine of prior restraints may make it difficult to reach the most significant question the case presents: whether prior restraint of

speech may be imposed in absence of actual or threatened illegality. And second, experience suggests that seeking to bring the First Amendment to the assistance of abortion protesters is more likely to harm the former than help the latter.